252 So.2d 652

**Paul MARS**

**v.**

**STATE.**

**7 Div. 62.**

Court of Criminal Appeals of Alabama.

Sept. 14, 1971.

H. T. Foster, John F. Proctor, Scottsboro, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

## PER CURIAM.

Appellant was indicted for the offense of assault with intent to murder one Hodge Grizzell. He was tried in the Circuit Court of DeKalb County and on February 25, 1970, a jury found appellant guilty of assault and fixed his punishment at a fine of $500.00 and costs. The judgment entered on that date was in part as follows:

"Thereupon in open Court on this day the defendant being asked by the court if he had anything to say why judgment and sentence of the law should not be passed upon him, replied he had not. It is therefore considered and adjudged by the Court that the defendant is guilty of Assault, and he is hereby fined Five Hundred and No/100 Dollars and costs. As additional punishment defendant is sentenced to imprisonment in the County Jail of DeKalb County, Alabama for a period of eleven months and 20 days."

On March 6, 1970, the following judgment was entered:

"On this the 6th day of March, 1970, the defendant not having secured the fine and cost within the time requested by law is sentenced to hard labor for the County for a term of 37 days in payment of the cost and a term of 140 days in payment of the fine."

■ The maximum punishment that the trial court could have imposed under the law of this State for assault is hard labor or imprisonment in the county jail for not more than six months. There being no authority in the law of this State for the imposition of the additional punishment imposed by the trial court, the judgment of the trial court to that extent is improper and should be remanded for proper sentencing.

Further, there is no recital in the judgment entered on March 6, 1970, that the defendant or his attorney was present in court at the time it was entered.

■ Prior to the trial the appellant filed a motion to suppress the evidence, a carbine or rifle seized under the search warrant issued on September 19, 1969, by Hon. W. G. Hawkins, Judge of the DeKalb County Court. On the hearing of the motion to suppress, the search warrant, the affidavit of the sheriff, and the deposition of Judge Grizzell, upon which the search warrant was issued, were admitted in evidence. The motion to suppress was denied. The case then proceeded to trial on its merits.

The appellant complains that the search of his home under the search warrant issued on September 19, 1969, by Judge Hawkins, in which the rifle admitted in evidence was seized, was illegal; and that the evidence obtained by the officers in the execution of said search warrant should have been suppressed on appellant's motion to suppress and further that said rifle should not have been admitted in evidence. We turn our attention to the questions raised by said complaint.

Tit. 15, § 101, Code of Alabama, 1940, as recompiled 1958, states:

"A search warrant may be issued on any one of the following grounds:

"Where the property was stolen or embezzled.

"Where it was used as the means of committing a felony.

"Where it is in the possession of any person with the intent to use it as a means of committing a public offense, or in

the possession of another to whom he may have delivered it, for the purpose of concealing it, or preventing its discovery."

Tit. 15, § 102, Code of Alabama, 1940, as recompiled 1958, states:

"A search warrant can only be issued on probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched."

We also direct your attention to Tit. 15, § 103, Code of Alabama, 1940, as recompiled 1958, which states:

"The magistrate, before issuing the warrant, must examine on oath the complainant and any witness he may produce, and take their depositions in writing, and cause them to be subscribed by the persons making them; and the depositions must set forth facts tending to establish the grounds of the application, or probable cause for believing that they exist."

In the case before us, in compliance with the provisions of those sections of the Code, there was attached to the search warrant the affidavit of Sheriff Harold Richards and the deposition of Judge Hodge Grizzell. The real question in this case depends upon the legal sufficiency of said affidavit and deposition.

Sheriff Harold Richards executed an affidavit which stated that:

"The home of Hodge Grizzell was fired into in the night time about 3 or 4 hours after Judge Grizzell had issued a warrant for the search of the premises of Paul Mars. A couple of months ago Paul Mars went to the home of Judge Grizzell and was upset that Judge Grizzell had issued a search warrant for his premises. Mars made a statement to Judge Grizzell that he could make it hard for the sheriff to get a search warrant. A search warrant was made for intoxicants today and the sheriff observed a rifle in the house of Paul Mars."

Along with this affidavit the deposition of Judge Grizzell was taken and the affidavit and said deposition were attached to the search warrant issued on September 19, 1969, for the search of the premises of Paul Mars for any rifles found upon the premises. In the deposition Judge Grizzell stated that his home was fired into about twenty minutes to two on the morning of September 17, 1969; that he had issued a search warrant that same night for the search of the premises of Paul Mars for prohibited liquor, to the A. B. C. Agents and the sheriff; that in executing that warrant, wine was found and a case was made against Mars; that during that night and after the liquor search warrant was executed his home was fired on; that thirteen shots hit his home, two struck one car and five hit his Volkswagen; that he heard an automobile outside his home at the time; that after daylight two rifle shells were found outside his home; that about two months before he had issued a search warrant for Mars' home and Mars came to his home and talked with him about it; that Mars then told him that he did not have to sign these search warrants; and that he asked him if he couldn't make it hard for the sheriff and he (Mars) appeared to be upset and angry at the time. Grizzell was in bed when his home was fired into.

On the trial of the case on its merits there was testimony that the sheriff in the execution of the search warrant issued on September 19, 1969, seized a 30 caliber carbine rifle. Two spent rifle shells or hulls were found in front of the home of Judge Grizzell after the shooting, but on the same morning thereof. They had been fired by said rifle.

There was also evidence tending to show that the home of Judge Grizzell was fired upon and that many bullets struck his car and his wife's car; that bullets went into various rooms of the downstairs floor of the home; and that his wife and daughter were asleep on that floor and the Judge was in bed on the top floor at that time.

There was other evidence substantially the same as that Grizzell's deposition attached to the search warrant issued on September 19, 1969.

The appellant claimed that he was at his home at the time of the shooting. A jury question was made by the evidence.

In the case at bar the search warrant issued on September 19, 1969, was supported by sufficient facts in the sworn depositions of the sheriff and Judge Grizzell upon which it was issued. The sections of the Code of Alabama set out in this opinion were complied with. The said depositions set forth facts tending to establish the grounds of the application and probable cause for believing that they existed. Under the facts and circumstances of this case, the search was not unreasonable.

For the foregoing reasons the judgment appealed from is due to be affirmed and the cause remanded for proper sentencing in accordance with Tit. 14, § 33, Code of Alabama, 1940.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed. Remanded for proper sentencing.